# IN THE COURT OF APPEALS OF IOWA

No. 19-1333
Filed August 18, 2021

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**MATTHEW DAVID DAUGHARTHY,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Warren County, Brendan Greiner, District Associate Judge.

Matthew Daugharthy appeals following a guilty plea. **APPEAL DISMISSED.**

Patrick W. O'Bryan, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Thomas J. Ogden, Assistant Attorney General, for appellee.

Considered by Mullins, P.J., and May and Ahlers, JJ.

**MAY, Judge.**

Matthew Daugharthy appeals after pleading guilty to driving while barred. Under Iowa Code section 814.6(1)(a)(3) (2019), there is no right of appeal "from . . . [a] conviction where the defendant has pled guilty." There is an exception for cases in which "the defendant establishes good cause." Iowa Code § 814.6(1)(a)(3). Daugharthy argues he has established "good cause" by claiming his plea counsel provided ineffective assistance. We disagree. "'[G]ood cause' in section 814.6 means a 'legally sufficient reason.'" *State v. Treptow*, 960 N.W.2d 98, 109 (Iowa 2021) (citation omitted). "By definition, a legally sufficient reason is a reason that would allow a court to provide some relief." *Id.* But Iowa Code section 814.7 prohibits us from deciding ineffective-assistance claims on direct appeal. *Id.* Put another way: Daugharthy's claim of ineffective assistance does not allow us to provide him with relief. So, by definition, his claim cannot constitute "good cause."

Because Daugharthy has not "establishe[d] good cause," we may not consider his claim. Iowa Code § 814.6(1)(a)(3). We must dismiss his appeal.

**APPEAL DISMISSED.**